IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, ) | C/A No.: 1:13-32-TLW-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| The State of South Carolina; and the City ) | |
| of Columbia, South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Marie Assa'ad-Faltas ("Petitioner"), proceeding *pro se* and *in forma pauperis*, filed this habeas petition challenging an allegation of trespass pending before the Columbia Municipal Court.[1] [Entry #1, page 1]. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(c)(D.S.C.), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.   Factual Background

The petition seeks habeas relief "from one 5 September 2009 Allegation of 'Trespass' Pending in Columbia's Municipal Court (CMC)." [Entry #1 at 1]. Petitioner first alleges that

---

[1] As discussed below, Petitioner fails to demonstrate that she is "in custody" pursuant to the pending simple assault charge. Therefore, the City of Columbia, South Carolina, is terminated as a respondent in a separately docketed order.

"the City of Columbia is not a sovereign as clearly explained in *Jinks v. Richland County, SC*," and, therefore, has "no right to criminalize any conduct . . . ." *Id.* at ¶ 2(a). The petition also asserts that the "Assistant City Attorney" prosecuting Petitioner's case "is not an agent of the state of South Carolina," is "adverse to Petitioner in civil matters," and is violating state law and the federal constitution by acting as the prosecutor. *Id.* at ¶ 2(b),(c). Petitioner claims that under State law "only elected state officers, not appointed municipal employees, may be prosecutors" and that "[t]he City's lawyers use their usurped prosecutorial powers to file false criminal charges against" Petitioner in retaliation for civil suits filed "against the City." *Id.* at ¶¶ 11, 13. The petition further claims that the City Municipal Court judges are "one-sided and unfair," that Petitioner suffers "collateral consequences" from the pending trespass charge, and that her right to a speedy trial is being infringed. *Id.* at ¶¶ 2(d),(e),(f), 4.

Petitioner alleges that she "tried as early as 17 November 2009 to show that the charge is baseless," however, the Assistant City Attorney "refused to call the matter so Petitioner can make her argument." *Id.* at ¶ 7. The petition alleges the "unreasonable delay is in bad faith" and "meant to harass Petitioner." *Id.* at ¶ 8. Petitioner claims that she has "no state remedy," *id.* at ¶ 25, because the South Carolina Supreme Court issued an order on April 8, 2011, "denying Petitioner access to all SC courts." *Id.* at ¶ 22. Petitioner seeks dismissal of the pending trespass charge with prejudice due to the alleged violation of her "rights to speedy trial." *Id.* at ¶ 25.

2

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.  Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally-construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

1.   Petitioner fails to demonstrate that she is "in custody" for purposes of habeas relief

It is well-settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas*, 391 U.S. at 238; *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Petitioner hand-delivered the instant petition to the Clerk of Court's Office in Columbia, South Carolina. Thus, Petitioner could not have been incarcerated at the time she filed this case. Further, while the "in custody" requirement has been broadened to include other types of restraint on liberty, such as probation, parole, and release from confinement pending trial, Petitioner provides no facts in the pleading to demonstrate that she is in custody as required by § 2254(a). *See Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (parole); *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 323 (4th Cir. 1994) (person released on his own recognizance). Therefore, this court lacks jurisdiction over Petitioner's habeas action and the petition is subject to dismissal.

2.   Collateral consequences are not a basis for jurisdiction in this case

Petitioner alleges unspecified collateral consequences stemming from the pending trespass charge. [Entry #1 at ¶ 4]. A criminal conviction may "entail collateral legal

4

disadvantages in the future." *Pollard v. United States*, 352 U.S. 354, 358 (1957); *see also Strader v. Garrison*, 611 F.2d 61, 63 (4th Cir. 1979)("imposition of a sentence or sentences may have a number of collateral consequences"). However, "[o]nce the convict's sentence has expired, [] some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In the present case, Petitioner has not been convicted of the challenged trespass charge. Thus, there is no presumption that collateral consequences exist. *See Lambert v. Newhart*, 2010 WL 114460, C/A No. 2:09cv230 at *4 (E.D.Va. Jan. 8, 2010) (citing *Spencer*, 523 U.S. 1 at 14). In any event, the petition fails to allege a concrete and continuing injury sufficient to establish collateral consequences related to the pending charge.

> 3. Petitioner fails to demonstrate extraordinary circumstances sufficient to warrant equitable interference with a state criminal proceeding

Even if Petitioner could establish federal jurisdiction over the instant petition, the case would still be subject to summary dismissal because Petitioner seeks dismissal of a pending state criminal charge. [Entry #1 at ¶ 25]. Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). However, "an attempt to dismiss an

indictment or otherwise prevent a prosecution" is generally not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

In *Younger v. Harris*, 401 U.S. 37(1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances, and that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. 37 at 43–44; *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Therefore, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224–26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973).

While "special circumstances" lacks any precise, technical meaning, courts have looked to whether procedures exist that would protect a petitioner's constitutional rights without federal pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). Likewise, where the right may be adequately preserved by orderly post-trial relief, special circumstances are nonexistent. *Moore*, 515 F.2d at 449. Petitioner may raise the speedy trial claim at trial and

in any subsequent appellate proceedings in state courts. Therefore, the court should abstain from considering such a claim at the pre-trial stage. *Id.*; *see also Brazell v. Boyd*, No. 92-7029, 1993 WL 98778 at *2 (4th Cir. Feb. 10, 1993) (finding district court should abstain from considering a speedy trial claim pursuant to *Younger*, even if the case were properly exhausted). Because Petitioner fails to demonstrate "special circumstances" or that she has no adequate remedy at law and will suffer irreparable injury if denied the relief she seeks, this petition should be dismissed.[2]

    4.    *Jinks v. Richland County* is not applicable to habeas corpus actions

In *Jinks v. Richland Cnty.*, 538 U.S. 456 (2003), the Supreme Court held that the tolling provisions of 28 U.S.C. § 1367(d) were applicable to civil claims against a state's political subdivision brought in state court. Petitioner alleges that the *Jinks* decision supports her claim for habeas relief. [Entry # 1 at ¶ 2(a)]. However, while § 1367(d) concerns the tolling provisions under a court's civil "supplemental jurisdiction," the statute does not affect

---

[2] The South Carolina Supreme Court order issued on April 8, 2011, prohibits Petitioner from filing in a *pro se* capacity. However, Petitioner is not precluded from addressing any non-frivolous grievances with the state courts, if represented by counsel. *See Marie Assa'ad-Faltas v. State of South Carolina, et al.*, C/A No. 1:11-3079-TLW-SVH (D.S.C. Nov. 10, 2011) (Supporting Documents, Entry #1-1 at pp. 9–10). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

7

how a federal district court adjudicates habeas corpus cases.[3] Accordingly, Petitioner is not entitled to habeas corpus relief based on the holding in *Jinks*.

        5.      State law grounds are not a basis for federal habeas corpus relief

Several of Petitioner's claims for relief are based on alleged violations of state law relating to the authority of municipalities to criminalize conduct, and the authority of appointed municipal attorneys to prosecute cases. [Entry # 1, ¶¶ 2, 9–13]. State law grounds are not a basis for federal habeas corpus relief. *Wright v. Angelone*, 151 F.3d 151, 157–58 (4th Cir. 1998)("a federal court may grant habeas relief only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"(internal quotation marks omitted); *see also Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009)(argument resting solely upon an interpretation of state statutory law is not cognizable on federal habeas review). Therefore, Petitioner is not entitled to habeas relief for the alleged violations of state law.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

---

[3] The federal statutory provisions affecting federal habeas corpus cases appear at 28 U.S.C. §§ 2241–2266.

IT IS SO RECOMMENDED.

February 6, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).